UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CR-16 |
| | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| TONY BRITTON CROWDER | ) | | |

## MEMORANDUM AND ORDER

Defendant Tony Britton Crowder is charged with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [Docs. 1, 30]. Defendant filed a motion to suppress [Doc. 15] all statements made to law enforcement officials on the grounds that they were obtained in violation of his constitutional rights. Following a hearing on the motion to suppress on April 25, 2005, Magistrate Judge C. Clifford Shirley, Jr. filed a report and recommendation (R&R) [Doc. 27] in which he recommended that the motion to suppress be denied. This matter is before the Court on defendant's timely objections [Doc. 29] to the R&R.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. In doing so, the Court has carefully considered the underlying briefs [Docs. 16, 18], and the parties' briefs regarding the pending objections [Docs. 29, 31]. The Court observes that the record contains no transcript of the hearing before Judge Shirley and the Court therefore accepts Judge Shirley's recitation of the evidence and findings of facts as true and correct.

Defendant contends that the evidence demonstrates that he was in custody at the time of his confession and was therefore entitled to the protections of *Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant argues that he was driven to the Monroe County Sheriff's Office in Detective Vittatoe's police cruiser without the opportunity to refuse or to drive himself. He further argues that, once at Detective Vittatoe's office, he could not reasonably believe he was free to go. Thus, defendant contends that he was in custody for purposes of *Miranda* and the government has not met the burden of proving that his statement was the result of a knowing, voluntary, and intelligent waiver of rights. [Doc. 29.]

In response [Doc. 31], the government argues that Judge Shirley correctly concluded that defendant was not in custody based upon the totality of the circumstances. The government also argues that defendant's objection regarding the burden of proof as to the *Miranda* waiver is without merit because defendant fails to make a specific objection to Judge Shirley's findings on this point.

Upon careful review of the record and controlling law, the Court agrees with Judge Shirley's conclusion that the defendant was not in custody at the time he was questioned by Detective Vittatoe and gave a statement. Judge Shirley thoroughly and correctly reviewed the evidence in light of the factors set forth in *United States v. Swanson*, 341 F.3d 524, 529 (6th Cir. 2003), to determine "whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (internal quotations omitted); *United States v. Knox*, 839 F.2d 285, 291

(6th Cir. 1988). Finding no error in Judge Shirley's analysis or conclusion, this objection to the R&R is **OVERRULED**.

With respect to defendant's second objection, that the government failed to meet its burden of proof regarding his *Miranda* waiver, defendant contends "that such burden has not been met after a careful reading of the testimony at the suppression hearing." [Doc. 29 at p. 2.] The defendant fails to provide any further specificity as to the basis for this objection. While the government correctly notes that this Court is not required to provide *de novo* review to a general objection, *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), the Court has nevertheless reviewed the R&R regarding defendant's *Miranda* waiver. The Court again agrees that Judge Shirley has correctly and thoroughly analyzed the facts in light of controlling authority with respect to this issue. Accordingly, this objection to the R&R is **OVERRULED**.

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Shirley whereby defendant's motion to suppress [Doc. 15] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE