UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CR-16 |
| | ) | | (VARLAN/SHIRLEY) |
| TONY BRITTON CROWDER | ) | | |

## MEMORANDUM OPINION

This criminal case came before the Court for consideration of defendant's objections to the presentence report and sentencing. On December 5, 2005, a jury convicted defendant of the one-count superseding indictment of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 20, 2006, the U.S. Probation Office disclosed its presentence report, which was revised on March 20, 2006, and March 29, 2006. On February 2, 2006, the defendant submitted ten (10) objections to the presentence report to the Probation Officer.[1] Counsel for the government provided a responsive memorandum in opposition to the defendant's objections.

On March 30, 2006, the Court conducted a sentencing hearing in which the parties addressed the defendant's objections to the presentence report as well as the other factors set forth in 18 U.S.C. § 3553(a). After hearing the arguments of counsel, the Court overruled the defendant's objections for the reasons more fully set forth herein.

---

[1] In accordance with Local Rule 83.9, objections to the presentence report and responses are not filed as part of the record in this case. Therefore, the Court restates them verbatim herein.

(1) <u>Defendant objects to Number 12 of Part A titled "Victim Impact." Defendant was not convicted of shooting anyone, nor was he ever determined to be the aggressor in the shooting that was under investigation. Therefore, it is inappropriate to refer to anyone as "victim."</u>

The government responds that this is a standard part of the presentence report. The government also responds that victim-related adjustments must be considered under Chapter 3, Part A of the Sentencing Guidelines. Probation responds that both the defendant's wife and Detective Vittatoe testified during trial that the defendant shot his brother, Scott Crowder. Scott Crowder was transported to the hospital where the bullet was recovered and therefore Scott Crowder is considered to be a victim.

The Court agrees that the fact the defendant shot his brother was brought out in testimony at trial. Further, this information is not used as an enhancement or adjustment to the advisory guideline range, but as information related to the offense. This objection is overruled.

(2) <u>Defendant objects to the Base Offense Level in No. 16. Defendant objects to the burglary convictions being considered crimes of violence for purposes of enhancement.</u>

Probation responds that, pursuant to U.S.S.G. §2K2.1(a)(2), if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, the base level shall be 24. Mr. Crowder has two felony convictions for crimes of violence as defined in U.S.S.G. §4B1.2(a)(2): he was convicted on January 12, 1994, of Aggravated Burglary in the Criminal Court for Polk County, Tennessee; and he was convicted of Aggravated Burglary on April 4, 1994, in the Criminal Court for Monroe County, Tennessee.

2

The government responds to this objection that 18 U.S.C. § 924(e)(2)(B)(ii) defines the term "violent felony" to include a felony such as "burglary." The government also relies on *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 1257 (2005), for the proposition that the Armed Career Criminal Act "makes burglary a violent felony only if committed in a building or enclosed space." The government points out that defendant has been previously convicted on two occasions of Aggravated Burglary and one conviction of Burglary of a Habitation. The government further notes that Aggravated Burglary is defined as "burglary of a habitation" in Tenn. Code Ann. § 39-14-403.

As the government correctly notes, the Armed Career Criminal Act defines a "violent felony" as including burglary. 18 U.S.C. § 924(e)(2)(B)(ii). Paragraph 16 of the presentence report establishes defendant's base offense level as 24 pursuant to U.S.S.G. §2K2.1(a)(2), which provides that the base offense level is 24 if the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. Application note 1 to §2K2.1 states that "crime of violence" has the meaning as defined in §4B1.2(a) which states that a "crime of violence" is any offense under federal or state law punishable by imprisonment for a term exceeding one year that "is a burglary of a dwelling." Because the defendant has been convicted once of a Burglary of a Habitation and twice of Aggravated Burglary, which is defined as burglary of a habitation, this defendant has more than two prior felony convictions of burglary of a dwelling as defined by the Armed Career Criminal Act and the Sentencing Guidelines. The base offense level of 24 is therefore appropriate and this objection is overruled.

3

> (3) <u>Defendant objects to the increase of four levels in No. 17. Defendant was never convicted of aggravated assault and has maintained he acted in self defense and no one has shown otherwise.</u>

At the sentencing hearing, defendant's counsel argues that the testimony at trial supports his position that he was acting in self-defense. Defendant recalls that Detective Vittatoe testified that defendant was acting to protect himself and that Marie Crowder, defendant's wife, did not testify that defendant was the aggressor. Counsel for the government disagreed and did not recall either Detective Vittatoe or Mrs. Crowder presenting any testimony regarding self-defense.

Probation responds to this objection by pointing out that, pursuant to U.S.S.G. §2K2.1, Commentary Application Note 4, "felony offense" as used in U.S.S.G. §2K2.1(b)(5) means any offense punishable by imprisonment for a term exceeding one year whether or not a criminal charge was brought or conviction obtained. Probation also notes that the defendant was initially charged with Aggravated Assault, which carries a penalty for a term exceeding one year imprisonment, and that he possessed the firearm in the instant offense in connection with the charged conduct of Aggravated Assault.

The government responds that the testimony at trial presented by Marie Crowder and defendant's statement to the police demonstrates that the defendant possessed the firearm in connection with another felony offense.

U.S.S.G. §2K2.1(b)(5) provides that the offense level should be increased by four (4) levels if the defendant used or possessed any firearm or ammunition in connection with another felony offense. As noted above, application note 4 provides that a prior felony

4

offense applies "whether or not a criminal charge was brought, or conviction obtained." As reflected in his criminal history, the defendant was charged with aggravated assault for the events which occurred on September 29, 2001, in the General Sessions Court for Monroe County and that charge was dismissed. Thus, even though the defendant was not convicted, the four-level enhancement is appropriate as defined in §2K2.1 and this objection is overruled.

> (4) <u>Defendant objects to No. 19 and the consideration of aggravated assault for the reasons previously stated.</u>

Probation responds that, as set forth in paragraph 19 of the presentence report, the cross reference to Aggravated Assault pursuant to U.S.S.G. §2A2.2(a) was considered, but was not applied. The Court agrees and this objection is overruled.

> (5) <u>Defendant objects to the Adjusted Offense Level for the reasons previously stated</u>.

As set forth in paragraph 23 of the presentence report, the adjusted offense level is 28 based on a base offense level of 24 pursuant to U.S.S.G. §2K2.1(a)(2) and the four-level enhancement pursuant to U.S.S.G. §2K2.1(b)(5). As discussed *supra*, the Court has determined that both of those guidelines were correctly applied. Probation responds that because defendant is an Armed Career Criminal, his guidelines are ultimately calculated within the meaning of U.S.S.G. §4B1.4(b)(3)(A) and defendant's offense level is 34. Thus, the objection to the adjusted offense level is moot. The Court agrees and this objection is overruled.

(6) <u>Defendant objects to being declared an armed career criminal as previously stated, and further objects to aggravated assault being mentioned as an enhancement.</u>

Probation responds that defendant is an Armed Career Criminal as defined in 18 U.S.C. § 924(e)(1) because the instant offense is a violation of 18 U.S.C. § 922(g), and defendant has three previous convictions for violent felonies that were committed on occasions different from one another. As noted previously, "violent felony" is defined to include burglary and this defendant has three prior convictions of Burglary of a Habitation or Aggravated Burglary. U.S.S.G. §4B1.4(a) states that a defendant who is subject to an enhanced sentence under 18 U.S.C. § 924(e) is an Armed Career Criminal. Thus, the Armed Career Criminal designation is appropriate and the total offense level is 34. This objection is overruled.

(7) <u>Defendant objects to the 1990 conviction of burglary of a habitation being used as a predicate offense of Armed Career Criminal</u>.

Probation response that 18 U.S.C. § 924(e)(2)(B) defines "violent felony" to include burglary. Thus, both Burglary of a Habitation and Aggravated Burglary fall within the definition of "violent felony." The Court agrees and this objection is overruled.

(8) <u>Defendant objects to the 1993 Aggravated Burglary convictions being used as predicate offenses for Armed Career Criminal</u>.

As with the previous objection, the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B) includes burglary and would therefore include Aggravated Burglary. Therefore, this objection is overruled.

The Court further notes, although not specifically raised by the defendant, that it is clear that the 1993 convictions are separate offenses for purposes of the Armed Career Criminal Act. *See United States v. Hill*, 440 F.3d 292, 297-98 (6th Cir. Mar. 1, 2006). In this case, defendant was convicted of Aggravated Burglary for unlawfully entering the home of Ray and Susy Brannon on September 16, 1993 in Monroe County, Tennessee. He was also convicted of Aggravated Burglary for unlawfully entering the habitation of Gerald and Tim Wilcox on September 15, 1993 in Polk County, Tennessee. Thus, the offenses occurred a day apart, in different homes in different counties, and the defendant could have ceased his criminal conduct after the first offense. This objection is overruled.

(9) Defendant objects to the Criminal History Computation for the reasons previously stated.

Probation responds that defendant's criminal history is calculated as category VI. Additionally, pursuant to U.S.S.G. §4B1.4(c)(2), because the defendant is an Armed Career Criminal, his criminal history category is increased to category VI. The Court agrees. As previously established, the instant offense was committed in connection with a crime of violence as defined in U.S.S.G. §4B1.2. Therefore, defendant's criminal history category is VI pursuant to §4B1.4. This objection is overruled.

(10) Defendant objects to the guideline range for imprisonment for the reasons previously stated.

Probation responds that, based on the defendant's total offense level of 34 and a criminal history category of VI, the advisory guideline range is 262 to 327 months imprisonment. As previously noted, the Court has determined that defendant's total offense

7

level is appropriately calculated as 34 and that his criminal history is correctly at category VI. Thus, according to the sentencing table for the 2005 United States Sentencing Commission Guidelines Manual, defendant's advisory guideline range is 262 to 327 months. This objection is overruled.

To summarize, the Court has considered all of defendant's objections to the presentence report, the responses of the Probation Officer and the government, as well as the arguments of counsel. For the reasons set forth herein, all of defendant's objections were overruled by the Court during the March 30, 2006 sentencing hearing.

ORDERED ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE