UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TONY B. CROWDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:04-cr-16 |
| | ) | 3:08-cv-525 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Petitioner Tony B. Crowder ("Crowder") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the § 2255 motion will be **GRANTED** to the extent Crowder's sentence will be **VACATED** and Crowder shall be **RESENTENCED** as set forth below.

Crowder was convicted of felon in possession of a firearm and sentenced to a term of imprisonment of 262 months. Crowder's conviction was affirmed on direct appeal, but his case was remanded for resentencing. *United States v. Crowder*, No. 06-5542 (6th Cir. May 25, 2007). Upon remand, Crowder was resentenced to a term of imprisonment of 235 months. He did not file a notice of appeal.

In support of his § 2255 motion, Crowder alleges that he received ineffective assistance of counsel when his attorney failed to file a direct appeal of the sentence on remand. According to Crowder, he instructed his attorney to file an appeal and he failed to

do so. Crowder verifies this allegation in a supporting affidavit. [Attachment A to Motion to Vacate Sentence, Affidavit of Tony B. Crowder].

In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id*. at 459. In response to the § 2255 motion, the government by its counsel concedes that Crowder received ineffective assistance of counsel in this regard. Therefore, the government does not oppose Crowder's request for a delayed direct appeal.[1]

In the case where counsel was ineffective by failing to timely file a notice of appeal, the correct procedure is to grant the § 2255 motion and reimpose the same sentence, so that the time for filing an appeal commences again. *See Johnson v. United States*, 146 Fed.Appx. 4, 2005 WL 1506050 (6th Cir. June 27, 2005) (citing *Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972) (per curiam)).

Under the circumstances, the court finds that Crowder's motion to vacate, set aside or correct sentence should be **GRANTED** on the ground that Crowder was denied the effective assistance of counsel when his attorney failed to file a direct appeal. An evidentiary hearing

---

[1] In its opening Order requiring the government to respond to the § 2255 motion, the Court noted that the § 2255 motion was filed after the expiration of the one-year statute of limitation. In its response, the government states that petitioner erroneously mailed his § 2255 motion to the U.S. Attorney's Office within the one-year period. When it was discovered that petitioner had not filed the § 2255 motion with the Clerk's Office, it was forwarded and filed with the Clerk after the expiration of the statute of limitation. For that reason, the government waives the statute of limitation, which is an affirmative defense and not a jurisdictional bar. *Day v. McDonough*, 547 U.S. 198, 202 (2006); *Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002).

is not required. *See* Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *United States v. Anderson*, 409 F. Supp. 2d 925 (S.D. Ohio 2005) (granting a § 2255 petition without an evidentiary hearing where the government did not contest petitioner's allegation that her counsel failed to file an appeal after requested by petitioner to do so).

Crowder's sentence will be **VACATED** and the court will **REIMPOSE** the same sentence. The court will enter an Amended Judgment. Crowder is hereby notified of the rights associated with an appeal from the sentence the court will reimpose:

(1) Crowder has the right to appeal the reimposed sentence. The Clerk's Office will be **ORDERED** to file a notice of appeal for Crowder within **TEN DAYS** from the entry of the Amended Judgment, in accordance with Fed. R. App. P. 4(b)(1)(A)(i).

(2) If Crowder cannot afford counsel to represent him on appeal, he should make a request for appointment of counsel. Counsel will be appointed if Crowder cannot afford an attorney to represent him on appeal. Accordingly, the Clerk will be **DIRECTED** to send Crowder a CJA 23 Financial Affidavit for appointment of counsel, which Crowder should complete and return, within twenty (20) days of the date of this Memorandum and accompanying Judgment Order, if he seeks appointed counsel.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE