UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TONY B. CROWDER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:04-cr-16 |
| | ) | 3:12-cv-569 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Tony B. Crowder ("petitioner"). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

Petitioner was found guilty of being a felon in possession of a firearm and was sentenced as an armed career criminal to a term of imprisonment of 235 months, after remand for resentencing. He previously filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in which he alleged his counsel failed to appeal his sentence despite being instructed to do so. The § 2255 motion was granted to the extent his sentence was vacated and the Court reimposed the same sentence, in order to allow petitioner the opportunity to appeal his sentence. Petitioner's sentence was affirmed on appeal. *Crowder v. United States*, 378 F. App'x 566 (6th Cir. May 27, 2010).

Petitioner then filed a motion in the Sixth Circuit, pursuant to 28 U.S.C. § 2244, for an order authorizing the district court to consider a second or successive § 2255 motion; petitioner also filed an amended motion under § 2244. *In Re: Tony Crowder*, No. 12-5620 (6th Cir. May 31, 2012) (Second Successive Motion docketed). The Sixth Circuit determined that petitioner did not need permission to file a new § 2255 motion because his prior motion was merely remedial in nature. For that reason, the Sixth Circuit transferred his case to this Court for further proceedings on petitioner's § 2255 motion. *Id.* (6th Cir. Oct. 22, 2012) (Order of Transfer).

The Court directed the Clerk to file, as a § 2255 motion in petitioner's criminal case, the motion pursuant to 28 U.S.C. § 2244 and the amended § 2244 motion which were filed in the Sixth Circuit, and ordered the United States Attorney to file an answer or other pleading to the motion, as amended. The United States Attorney has filed his response and petitioner has filed a reply to the response.

In support of his § 2255 motion, petitioner alleges he received the ineffective assistance of counsel. He specifically alleges a conflict of interest on the part of retained counsel, Steven Ward, in that Mr. Ward was the district attorney general who prosecuted petitioner in state court on burglary charges several years prior to this case; the burglary convictions were used to enhance petitioner's sentence in this case. Petitioner further alleges that counsel failed to pursue plea negotiations on behalf of petitioner because he knew that if petitioner pleaded guilty, the presentence report would reveal the conflict of interest. For that reason, according

2

to petitioner's reasoning, counsel advised taking the case to a jury. The United States Attorney notes that the § 2255 motion is time-barred and this Court agrees.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In a case such as this where a direct appeal was filed, the statute of limitation commenced when the 90-day period for seeking certiorari review expired, despite the fact that petitioner did not file a petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). For purposes of Supreme Court review, "'[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate'"). *Id*. at 527 (quoting Supreme Court Rule 13(3)).

The Sixth Circuit's opinion affirming petitioner's judgment of conviction was filed May 27, 2010. The one-year statute of limitation thus commenced on August 25, 2010, and petitioner had until August 25, 2011, to file his § 2255 motion. Petitioner filed his application for authorization to file a second or successive § 2255 motion with the Sixth Circuit on May 31, 2012, which was more than nine months after the deadline for filing a § 2255 motion had passed.

Petitioner contends his § 2255 motion is timely under 28 U.S.C. § 2255(f)(4), which provides that the one-year statute of limitation begins to run from "the date on which the facts

3

supporting the claim or claims presented could have been discovered through the exercise of due diligence." In this regard, petitioner claims he only learned of the conflict of interest when he received certain legal documents from Mr. Ward on February 15, 2012. According to plaintiff, he received the documents in response to letters he sent to Mr. Ward on April 12, 2011, November 14, 2011, and January 23, 2012, in which he requested information about his burglary convictions.

Petitioner's federal criminal case commenced in January, 2004. Petitioner thus had over seven years prior to the deadline for filing his § 2255 motion within which to obtain the documents pertaining to his burglary convictions. Petitioner did not exercise due diligence and his § 2255 motion will be **DENIED** as time-barred; this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4

Case 3:04-cr-00016-TAV-CCS   Document 103   Filed 11/21/13   Page 4 of 4   PageID #: 431