UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

TONY B. CROWDER,                         )
                                         )
              Petitioner,                )
                                         )
v.                                       )    Nos.:  3:04-CR-16-TAV-CCS-1
                                         )           3:17-CV-364-TAV
UNITED STATES OF AMERICA,                )
                                         )
              Respondent.                )

## MEMORANDUM OPINION

Presently before the Court is a second motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Tony B. Crowder ("Petitioner") which challenges his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the recent en banc decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's § 2255 motion [Doc. 113], as supplemented [Doc. 116], will be **GRANTED.**

## I.    BACKGROUND

On June 7, 2005, a grand jury sitting in the Eastern District of Tennessee returned a one-count superseding indictment charging Petitioner with possession of a firearm by a convicted

---

[1]  By order dated September 2, 2016, the Sixth Circuit authorized Petitioner to file a second or successive § 2255 motion, finding that he has made a prima facie showing that his *Johnson* claim relies on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2) [Doc. 112]. The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381–85 (6th Cir. 2015).

felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e) [Doc. 30]. Following a trial on December 5, 2005, Petitioner was found guilty by jury verdict [Doc. 45].

The presentence investigation report ("PSIR") identified three previous convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) an October 15, 1990, conviction for burglary of a habitation in the Monroe County, Tennessee, Criminal Court [PSIR ¶ 29]; (2) an April 4, 1994, conviction for aggravated burglary in the Monroe County, Tennessee, Criminal Court [PSIR ¶ 35]; and (3) a January 12, 1994, conviction for aggravated burglary in the Polk County, Tennessee, Criminal Court [PSIR ¶ 36]. As an armed career criminal, Petitioner was subject to a statutory mandatory minimum incarceration sentence of 15 years to a maximum of life and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 262 to 327 months [PSIR ¶¶ 70, 71].

On March 30, 2006, Petitioner was sentenced to a term of imprisonment of 262 months at count one of the superseding indictment and a term of supervised release of three years [Doc. 53 pp. 2–3]. The Sixth Circuit Court of Appeals subsequently affirmed Petitioner's conviction but remanded for resentencing [Doc. 64]. On October 18, 2007, Petitioner was resentenced to 235 months' imprisonment and 3 years' supervised release [Doc. 70 pp. 2–3]. Petitioner filed his first § 2255 motion in December 2008 alleging, *inter alia*, that his counsel was ineffective for failing to file a notice of appeal from the Court's resentencing [Doc. 72]. On February 19, 2009, the Court granted the motion, vacated Petitioner's sentence and re-imposed the same 235-month incarceration sentence along with 3 years' supervised release [Docs. 76, 77]. Petitioner's appeal from that sentence was dismissed for want of prosecution by the Sixth Circuit on April 17, 2009 [Doc. 80].

On June 9, 2016, Petitioner, through court-appointed counsel, filed in the Sixth Circuit Court of Appeals a motion for leave to file a proposed second § 2255 motion seeking to raise a new challenge to his armed career criminal status based on the Supreme Court's invalidation of the ACCA's residual clause in *Johnson* [Doc. 113 pp. 31, 56]. On September 2, 2016, the Sixth Circuit granted Petitioner's request for certification and authorized this Court to consider his proposed application for relief [Doc. 112]. Petitioner then filed his second § 2255 motion challenging his armed career criminal designation under *Johnson* [Doc. 113].

On June 27, 2017, the Sixth Circuit issued its en banc decision in *Stitt*, holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. 860 F.3d at 856. On August 17, 2017, the government filed a supplemental response to Petitioner's § 2255 motion conceding that Petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 117].

## II. ANALYSIS

### A. TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, Petitioner sought leave to file his proposed § 2255 motion raising a *Johnson* claim in the Sixth Circuit Court of Appeals on June 9, 2016 [Doc. 113 p. 56], which falls safely within the one-year window for requesting collateral relief under *Johnson*.

**B.     STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## C.       PETITIONER'S *JOHNSON* CLAIM

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).  If that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," however, the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1).  The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, or involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").   18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process."  135 S. Ct. at 2563.  *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause).   Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, all three of Petitioner's predicate offenses were convictions for aggravated burglary in violation of Tenn. Code. Ann. § 39-14-403 [PSIR ¶¶ 29, 35, 36].[2] Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

In *Stitt*, however, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B), and *Johnson* invalidated the residual clause, Petitioner's Tennessee aggravated burglary convictions can no longer be used as predicate offenses under the ACCA. Absent those convictions, Petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

---

[2] Petitioner's 1990 conviction in the Monroe County, Tennessee, Circuit Court was for "burglary of a habitation" [PSIR ¶ 29]. Under Tennessee law, "aggravated burglary" is defined as "burglary of a habitation," Tenn. Code Ann. § 39-14-403, and those terms are used interchangeably on Tennessee charging documents and judgments to refer to violations of § 39-14-403.

The *Johnson* and *Stitt* decisions thus dictate that Petitioner may no longer be designated an armed career criminal under § 924(e). As a result, the 235-month term of imprisonment imposed by the Court exceeds the maximum authorized sentence of not more than 10 years' imprisonment for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). In this case, Petitioner has already served approximately 150 months in prison and the government acknowledges that the appropriate relief would be to correct Petitioner's incarceration sentence at count one of the superseding indictment to a sentence of time served [Doc. 117 pp. 3–4]. The Court agrees that a corrected sentence is the most appropriate form of relief in this case and will enter an order accordingly.

## III.    CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to relief under § 2255 and will grant his § 2255 motion [Doc. 113], as supplemented [Doc. 116]. Since Petitioner has already served approximately 150 months in prison [Doc. 117 p. 3], a total exceeding the ten-year custodial maximum applicable to him post-*Johnson*, petitioner's term of imprisonment will be corrected and reduced to a sentence of "time served" at count one of the superseding indictment. While Petitioner is entitled to discharge from custody, this order will not take effect until ten days from its entry so as to give the Bureau of Prisons time to process

7

Petitioner's release.  In all other respects, the Amended Judgment imposed on February 19, 2009

[Doc. 77], shall remain in full force and effect.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE